# BUTLER v. STATE TAX COMMISSION

Barbara Ashley Phillips, Medford, argued the cause and filed a brief for plaintiff.

A. W. Pedersen, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendant.

Decision for defendant rendered July 13, 1965.

EDWARD H. HOWELL, Judge.

This is a suit to recover income taxes paid for the year 1961.

Marjorie Butler, who died in 1957, was the wife of plaintiff Laurence Butler. She will hereinafter be

referred to as Marjorie and plaintiff, Laurence Butler, as Laurence.

On August 21, 1953, Marjorie's mother executed a deed to Marjorie to land located in the State of Washington and reserved a life estate in herself. In 1956 Marjorie conveyed her interest to a third party who immediately reconveyed to Marjorie and Laurence intending to create an estate by entirety. In March 1957 Marjorie died and Laurence inherited her interest in the property. Laurence sold the property in 1961. This suit arises as the result of a dispute with the defendant over the proper basis to be allocated to the property sold.

The plaintiffs contend that the proper basis on the sale is found in ORS 316.266(6) which provides in part that "If the property was acquired by bequest, devise, descent or inheritance, or by the decedent's estate from the decedent the basis shall be the same as if the property had been purchased for its fair market value at the date of the death of the decedent. * * *"

The defendant tax commission contends that ORS 316.266(5) applies to a one-half interest in the property for reasons hereinafter mentioned. That section states in part:

> "(5) If the property was acquired by gift or transfer in trust after December 31, 1929, (other than a transfer in trust by a bequest or devise) the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift, * * *."

■ As the property involved was located in the State of Washington, both parties agree that the law of that state applies to the purported conveyance in 1956 to

Marjorie and Laurence when they attempted to set up an estate by entirety. At that time the laws of Washington did not recognize joint tenancies or estates by the entirety. RCWA 11.04.070 stated:

"The right of survivorship by agreement or otherwise as a principle and as an incident of joint tenancy or of tenancy by the entireties is abolished. If partition is not made between joint tenants, the parts of those who die first shall not accrue to the survivors, but descend, or pass by devise, and shall be subject to debts and other legal charges, or transmissible to executors or administrators, and be considered, to every intent and purpose, in the same view as if such deceased joint tenants had been tenants in common: * * *" RCWA 11.04.070. Enacted by Laws 1885, p. 165 § 1; amended Laws 1953, C. 270 § 1, p. 717. (Repealed by Laws 1961, Ch. 2 § 4.)

It is this court's conclusion that, because of the above statute, Marjorie and Laurence held the property as tenants in common. While the parties intended the conveyance to create an estate by the entirety, their intention has no efficacy because the statute specifically prohibits the survivorship "by agreement or otherwise."

■ When Marjorie died in 1957 leaving Laurence as her sole heir, he then had acquired a one-half interest by inheritance and the other one-half by gift by virtue of the tenancy in common. The interest he inherited would have as its basis the fair market value of a one-half interest in the property at the date of Marjorie's death. ORS 316.266(6).

■ As to the other one-half interest that Laurence acquired by gift as a tenant in common, this is controlled by the provisions of ORS 316.266(5) which sets the basis as the "* * * same as it would be in the

hands of the donor or the last preceding owner by whom it was not acquired by gift, * * *". Marjorie's mother was the last preceding owner by whom it was not acquired by gift. As she had inherited it as a result of her husband's death, the basis would be determined by ORS 316.266(6), the fair market value of the property at the date of the death of the decedent, which in this case was May, 1929.

■ Finally, plaintiffs assert that even though a tenancy in common existed, ORS 316.258 gives Laurence a basis determined by the value of the property as of the date of Marjorie's death. That statute provides in substance that property acquired from a decedent which is included in the list of property subject to inheritance tax pursuant to ORS Chapter 118 shall be deemed to have passed from the deceased to the recipient by bequest, devise, descent or inheritance. ORS 316.266(6) states in part that the fair market value of property (for the purpose of ORS 316.266(6) and ORS 316.258) shall be the value as finally established for inheritance tax purposes.

Plaintiffs concede that Marjorie's interest in the Washington property at the time of her death was not subject to Oregon inheritance tax. As the property was located in Washington, this court agrees with the defendant tax commission that it was not property "* * * included in the list of property, transfers and interest subject to tax pursuant to ORS Chapter 118, * * *" as required by ORS 316.258.